T.C. Summary Opinion 2001-24


UNITED STATES TAX COURT


HAYES P. DUPLANTIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16710-98S.                    Filed March 7, 2001.


Hayes P. Duplantis, pro se.

Louis John Zeller, Jr., for respondent.


CARLUZZO, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Subsequent section references are to the Internal Revenue Code in effect for the years in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1992 | $1,129 | $282 | $49 |
| 1993 | 1,099 | 274 | 46 |
| 1994 | 1,069 | 267 | 55 |
| 1995 | 1,046 | 262 | 57 |
| 1996 | 1,196 | 239 | 64 |

For each year, the issue for decision is whether long-term disability payments received by petitioner are includable in income.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Metairie, Louisiana.

Petitioner was employed as a towboat captain by Ingram Industries, Inc. (Ingram), from 1979 until he was injured in an accident that occurred in 1982. As an employee of Ingram, petitioner was eligible for certain employee benefits, including life insurance, medical care for himself and his family, and long-term disability benefits. These benefits were made available to petitioner and other eligible employees of Ingram through a group insurance plan (the plan) subscribed to by Ingram underwritten by Jefferson-Pilot Life Insurance Co. (Jefferson-Pilot).

Pursuant to the plan, petitioner contributed towards the cost of life insurance for himself, accidental death and dismemberment insurance for himself and his wife, medical insurance for his dependents, and for benefits described as "daily income while hospitalized". Petitioner's contributions for the above employee benefits were withheld from his salary. The cost of the long-term disability coverage provided to petitioner and other employees of Ingram covered under the plan was paid entirely by Ingram.

During 1982, while descending an interior stairway from the towboat's pilothouse, petitioner fell and severely injured his back. As a result of the injuries sustained in the fall, petitioner was rendered totally and permanently disabled. At some point after the fall, he qualified for and began to receive long-term disability payments under the plan (the disability payments). The disability payments were calculated based upon petitioner's salary, not on the nature of his injury.

Pursuant to his coverage under the plan, petitioner received disability payments of $13,378 in 1992, and $13,268 in each of the years 1993, 1994, 1995, and 1996. He did not file a Federal income tax return for any of those years.

Respondent determined that the disability payments are includable in petitioner's income in the year received. Other adjustments made in the notices of deficiency are not in dispute.

Discussion

The parties appear to agree that the plan constitutes an accident or health plan within the meaning of sections 104(a)(3) and 105(a), and we proceed as though it does. Simply stated, the statutory scheme framed by these sections allows a taxpayer to exclude from income amounts received through accident or health insurance plans if: (1) The taxpayer paid for the insurance; or (2) the amounts were attributable to contributions by the taxpayer's employer that were includable in the taxpayer's gross income. See sec. 104(a)(3). On the other hand, amounts received by an employee through accident or health insurance for personal injuries must be included in gross income to the extent such amounts are attributable to contributions by the employer that were not includable in the gross income of the employee. See sec. 105(a).

Petitioner does not claim that Ingram's contributions to the plan on his behalf were includable or included in his gross income for any year, and the version of section 106 in effect during the relevant periods suggests that they were not. Instead, petitioner argues that the disability payments are excludable from income because he paid for the applicable insurance coverage.

According to petitioner, Ingram withheld amounts from his salary for long-term disability coverage under the plan.

However, Ingram's records, as well as the records of Jefferson-Pilot, demonstrate that long-term disability coverage was provided to Ingram's employees at no cost to the employees. Although amounts were withheld from petitioner's salary for other benefits under the plan, no amounts were withheld for long-term disability coverage. Given the passage of time involved, it would appear that petitioner's memory on the point simply is not accurate.

The disability payments were received on account of, and attributed to, accident or health insurance paid for by Ingram. Pursuant to section 105(a), those amounts are includable and must be included in petitioner's income in the year received, and we so hold. Respondent's determinations in this regard are therefore sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Based on the foregoing and to reflect respondent's concessions of the additions to tax,

<u>Decision will be entered for respondent with respect to the deficiencies and for petitioner with respect to the additions to tax</u>.